UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANNA HARRIS, | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 05-2036 |
| v. | : | MEMORANDUM OPINION & ORDER |
| AMERISOURCEBERGEN CORP., et al., | : | |
| Defendants. | : | |

This matter is before the Court on motions for reconsideration, pursuant to Local Civil Rule 7.1(I), of this Court's June 30, 2008 Order granting in part and denying in part Defendants' motion for summary judgment. On July 7, 2008, Plaintiff filed a motion for reconsideration of the Court's grant of summary judgment on her claim of employment discrimination, and Defendants filed a motion on July 15, 2008 for partial reconsideration of the Court's decision insofar as it denied their motion for summary judgment limiting damages.

A. Standard of Review on a Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). It must be stressed, however, that reconsideration is "an extraordinary remedy" and is granted "sparingly." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

To succeed on a motion for reconsideration, the moving party must show "more than a disagreement" with the decision it would like reconsidered. Anders v. FPA Corp., 164 F.R.D. 383, 387 (D.N.J. 1995). Instead, there must be some "dispositive factual

matters or controlling decisions of law" that were presented to the Court, but not considered. Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 215 F. Supp. 2d 482, 507 (D.N.J. 2002); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Thus, a "mere recapitulation of the cases and arguments considered by the court before rendering the original decision" does not warrant a grant of reconsideration. Carteret Sav. Bank, F.A. v. Shushan, 721 F. Supp. 705, 706 (D.N.J. 1989), modified, 919 F.2d 225 (3d Cir. 1990); S.C. v. Deptford Twp. Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003).

A motion for reconsideration will likewise fail if the moving party merely raises arguments or presents evidence that could have been raised or presented before the original decision was reached. NL Indus. Inc., 935 F. Supp. at 516. Thus, the moving party must actually present "something new or something overlooked by the court in rendering the earlier decision." Khair v. Campbell Soup Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (citing Harsco Corp., 779 F.2d at 909). The word "overlooked" is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered. United States v. DeLaurentis, 83 F. Supp. 2d 455, 474 n.2. (D.N.J. 2000).

### B. Analysis

The Court finds, in this case, that there are no dispositive factual matters or controlling decisions of law that were presented to the Court, but not considered. In a discharge case, a plaintiff must prove that: (1) she was in the protected group, here, that she was handicapped; (2) she was performing in the position from which she was terminated; (3) she nevertheless was fired; and (4) the employer sought someone to

2

perform the same work after she left.  Zive v. Stanley Roberts, 867 A.2d 1133, 1145 (N.J. 2005); Muller v. Exxon Research & Eng'g, 786 A.2d 143, 147-48 (N.J. Super. Ct. App. Div. 2001).  The correct legal standard was applied as to the fourth prong of the Plaintiff's *prima facie* case for discrimination.  Although a plaintiff is not required to prove she was replaced by someone outside the protected class (i.e., not handicapped), both Zive and Muller provide that a plaintiff must show that the employer sought out another individual to perform 'the same work' that the plaintiff performed.  Id.  In this case, the Plaintiff failed to meet this standard because 'the same work' that she performed was automated subsequent to her discharge.

The Court found "no evidence in the record that the employer in this case replaced or attempted to replace Plaintiff after she was terminated.  Instead, Plaintiff's position was not filled, and ultimately was eliminated through automation.  (Johnson Second Revised Cert., Exh. A, Ewald Dep., p. 16.)"  Harris v. AmerisourceBergen Corp., No. 05-2036, 2008 WL 2684124, at *6 (D.N.J. June 30, 2008).  Accordingly, Plaintiff was not entitled to a presumption of discrimination.

Plaintiff, who worked as a Credit & Rebill Clerk for Defendant, has argued that another Credit & Rebill Clerk, Jaci Jobe, continued to work in that position until June 2006, so she "continued to perform the same work that [Plaintiff] did after she left." (Def. Br., p. 1-2.)  This information was before the Court on the original motion, as was Jobe's testimony that Plaintiff was not replaced after she left.  (Jobe Dep., p. 10.) Plaintiff further argues that at the time of her deposition, Linda Ewald stated that there were three employees called "Credit & Rebill Clerk," whereas when Plaintiff was discharged, there were only two.  (Def. Br., p. 2.)  Again, this testimony was before the

3

Court on the motion for summary judgment, as was Ewald's further testimony that the job occupied by Plaintiff no longer exists, the position called "Credit & Rebill Clerk" now has an entirely different function, and the job formerly performed by Plaintiff is now automated. (Ewald Dep., p. 14-16.) No dispositive factual matters were overlooked by the Court. In addition, the Court notes that even if Plaintiff could have met her *prima facie* burden, there is no evidence in the record of the type of intent that would tend to show pretext for handicap discrimination.

Finally, Defendants have sought partial reconsideration of the Court's June 30, 2008 which denied summary judgment on the after-acquired evidence defense advanced to limit damages. The after-acquired evidence defense was considered by the Court, and after thorough consideration of the record, the Court found that there were credibility determinations to be made that created genuine issues of material fact and precluded entry of summary judgment regarding damages. Again, the Court finds no dispositive factual matters or controlling decisions of law that were presented to the Court, but not considered.

### C. Conclusion

Accordingly,

IT IS ORDERED on this 28th day of January, 2009 that Plaintiff's motion for reconsideration of the Court's June 30, 2008 decision granting summary judgment on her claim of employment discrimination [49] is hereby <u>DENIED</u>.

IT IS FURTHER ORDERED that Defendants' motion for partial reconsideration of the Court's June 30, 2008 decision insofar as it denied the defense motion for summary judgment limiting damages [51] is hereby <u>DENIED</u>.

                                                       /s/ Joseph H. Rodriguez
                                                       JOSEPH H. RODRIGUEZ
                                                       U.S.D.J.